Erika Angelos Heath, Esq. – State Bar No. 304683
**FRANCIS MAILMAN SOUMILAS, PC**
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (628) 246-1352
eheath@consumerlawfirm.com

Siobhán E. McGreal, Esq.*
**FRANCIS MAILMAN SOUMILAS, PC**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
smccgreal@consumerlawfirm.com
*Application for admission
pro hac vice forthcoming*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEA FAYE NIKOLAS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**and**<br><br>**AFFIRM, INC,**<br><br>        **Defendants.** | **C.A. No. 3:22-cv-1621**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) **Fair Credit Reporting Act (Experian)**<br>(2) **Fair Credit Reporting Act (Affirm)** |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Lea Faye Nikolas, against Experian Information Solutions, Inc. and Affirm, Inc., (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b). Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Francisco / Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## THE PARTIES

4.      Plaintiff Lea Faye Nikolas is an adult individual residing in the state of Arizona.

5.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Northern District of California, and which has a principal place of business located at 475 Anton Blvd., Cost Mesa, CA 92626.

6.      Defendant Affirm, Inc. ("Affirm") is a business entity that regularly conducts business in the Northern District of California, and which has a principal place of business located at 650 California St., Ste. 12, San Francisco, CA 94108.

## FACTUAL ALLEGATIONS

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least October 2021 through the present. The inaccurate information pertains to an account with Affirm.

8.     Specifically, Defendants are falsely reporting an Affirm account that does not belong to the Plaintiff, and that belongs to another consumer.

9.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

10.    Due to Experian's faulty procedures, Defendant Experian mixed the credit file of Plaintiff with that of at least one other consumer.

11.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.  Experian has repeatedly published and disseminated consumer reports to third parties from at least October 2021 through the present.

12.    Plaintiff has disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

13.    Plaintiff has disputed the inaccurate information with Experian from at least October 2021 through the present.

14.    Notwithstanding Plaintiff's efforts Experian has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.  Experian has repeatedly published and disseminated consumer reports to such third parties from at least October 2021 through the present.

15.    Despite Plaintiff's efforts, Experian has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning

Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16.    Notwithstanding Plaintiff's disputes, Affirm, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has failed to mark the account as disputed, and has willfully continued to report such inaccurate information to various credit reporting agencies.

17.    Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18.    As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

//

## COUNT I – VIOLATIONS OF THE FCRA
### (Plaintiff v. Experian)

21.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.    At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

26.    The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
### (Plaintiff v. Affirm)

27.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.    At all times pertinent hereto Affirm was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29.    At all times pertinent hereto Affirm was a "furnisher" of credit information as defined by the FCRA.

30.    Affirm violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31.    Affirm's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Affirm is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees; and

(e)    Such other and further relief as may be necessary, just, and proper.

Dated:  March 15, 2022                    Respectfully submitted,


BY:    */s/ Erika Heath*
            Erika Angelos Heath
            *Attorney for Plaintiff*

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues.

Dated:  March 15, 2022                    Respectfully submitted,


*/s/ Erika Heath*
Erika Angelos Heath

*Attorney for Plaintiff*

COMPLAINT
DEMAND FOR JURY TRIAL